**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

LORENZO VEGA CAMILLO and
LETICIA MEJIA ALEJANDRO, on
behalf of themselves and others
similarly situated,

Case No: 1:22-cv-07846-AMD-PK

**DEFENDANTS' ANSWER WITH**
**AFFIRMATIVE DEFENSES TO**
**FLSA COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**
**COMPLAINT AND**
**COUNTERCLAIMS**

Plaintiffs,

v.

KHIM'S MILLENNIUM MARKET, INC.,
KHIM'S MILLENNIUM MARKET III INC.,
KHIM'S MILLENNIUM MARKET IV, INC.,
KHIM'S MILLENNIUM MARKET V, INC.,
KHIMS MILLENNIUM MARKET VI INC.,
KHIM'S ORGANIC II INC., KHIM'S
ORGANIC IV INC., KHIMS ORGANIC V
INC., KHIMS MARKET INC., SANG KYU
KHIM, SUNG KYU KHIM, and SONG KYU
KHIM,

Defendants.
----------------------------------------------------------------X

Defendants KHIM'S MILLENNIUM MARKET, INC., KHIM'S MILLENNIUM

MARKET III INC., KHIM'S MILLENNIUM MARKET IV, INC., KHIM'S

MILLENNIUM MARKET V, INC., KHIMS MILLENNIUM MARKET VI INC.,

KHIM'S ORGANIC II INC., KHIM'S ORGANIC IV INC., KHIMS ORGANIC V INC.,

KHIMS MARKET INC., SANG KYU KHIM, SUNG KYU KHIM, and SONG KYU

KHIM, (collectively referred to herein as "Defendants," where not referred to individually

by name, by and through their undersigned counsel, hereby provide their answer and

affirmative defenses to the FLSA Collective Action and Rule 23 Class Action Complaint

(hereafter, "the Complaint") of Plaintiffs LORENZO VEGA CAMILLO and LETICIA

MEJIA ALEJANDRO filed on behalf themselves and others similarly situated

(collectively referred to herein as "Plaintiffs") and state as follows:

1

## AS TO "INTRODUCTION"

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint, except that Defendants admit only to the extent that Plaintiffs purport to bring this complain against Defendants, but deny all other allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint, except that Defendants admit only to the extent that Plaintiffs purports to recover the alleged unpaid overtime compensation and statutory penalties from Defendants, but deny all other allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny the truth of the allegations in Paragraph 3 of the Complaint.

4.      Defendants aver that the allegations contained in Paragraph 4 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the truth of the allegations in Paragraph 5 of the Complaint.

6.      Defendants aver that the allegations contained in Paragraph 6 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants aver that the allegations contained in Paragraph 7 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

8.      Defendants aver that the allegations contained in Paragraph 8 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants aver that the allegations contained in Paragraph 9 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

## <u>AS TO "PARTIES"</u>

**<u>Plaintiffs</u>**
**Plaintiff Lorenzo Vega Camillo**

10.      Defendants deny the truth of the allegations set forth in Paragraph 10 of the Complaint, except Plaintiff Lorenzo Vega Camillo worked for the answering Defendant Khims Millennium Market VI Inc.  from approximately 2013 until October 2022.

11.      Defendants deny the truth of the allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the truth of the allegations in Paragraph 12 of the Complaint.

13.      Defendants aver that the allegations contained in Paragraph 13 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.      Defendants aver that the allegations contained in Paragraph 14 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.      Defendants aver that the allegations contained in Paragraph 15 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

**Plaintiff Leticia Mejia Alejandro**

16.     Defendants deny the truth of the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the truth of the allegations set forth in Paragraph 17 of the Complaint, except Plaintiff Leticia Mejia Alejandro worked for the answering Defendant Khims Millennium Market VI Inc. for a period of time between April 2022 until May 2022.

18.     Defendants aver that the allegations contained in Paragraph 18 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants aver that the allegations contained in Paragraph 19 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants aver that the allegations contained in Paragraph 20 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

**Defendants**

21.     Defendants deny the truth of the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the truth of the allegations in Paragraph 22 of the Complaint.

23.     Defendants aver that the allegations contained in Paragraph 23 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the truth of the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the truth of the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the truth of the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the truth of the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the truth of the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the truth of the allegations in Paragraph 29 of the Complaint.

**Khim's Millennium Market, Inc.**

30.     Defendants deny the truth of the allegations in Paragraph 30 of the Complaint.

31.     Defendants admit the truth of the allegations in Paragraph 31 of the Complaint.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 32 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

33.     Defendants deny the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the truth of the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the truth of the allegations in Paragraph 35 of the Complaint.

**Khim's Millennium Market III Inc.**

36.     Defendants deny the truth of the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit the truth of the allegations in Paragraph 37 of the Complaint.

38.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 38 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

39.     Defendants deny the truth of the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the truth of the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the truth of the allegations in Paragraph 41 of the Complaint.

**Khim's Millennium Market IV, Inc.**

42.     Defendants deny the truth of the allegations in Paragraph 42 of the Complaint.

43.     Defendants admit the truth of the allegations in Paragraph 43 of the Complaint.

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 44 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 45 of the Complaint as the term "Premises Name," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

46.     Defendants deny the truth of the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the truth of the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the truth of the allegations in Paragraph 48 of the Complaint.

**Khim's Millennium Market V, Inc.**

49.     Defendants deny the truth of the allegations in Paragraph 49 of the Complaint.

50.     Defendants admit the truth of the allegations in Paragraph 50 of the Complaint.

51.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 51 of the Complaint as the

term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

52.     Defendants deny the truth of the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the truth of the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the truth of the allegations in Paragraph 54 of the Complaint.

**Khims Millennium Market VI Inc.**

55.     Defendants deny the truth of the allegations in Paragraph 55 of the Complaint.

56.     Defendants admit the truth of the allegations in Paragraph 56 of the Complaint.

57.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 57 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 58 of the Complaint as the term "Premises Name," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

59.     Defendants deny the truth of the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the truth of the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the truth of the allegations in Paragraph 61 of the Complaint.

**Khim's Organic II Inc.**

62.     Defendants deny the truth of the allegations in Paragraph 62 of the Complaint.

63.     Defendants admit the truth of the allegations in Paragraph 63 of the Complaint.

64.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 64 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 65 of the Complaint as the term "Premises Name," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

66.     Defendants deny the truth of the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the truth of the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the truth of the allegations in Paragraph 68 of the Complaint.

**Khim's Organic IV Inc.**

69.     Defendants deny the truth of the allegations in Paragraph 69 of the Complaint.

70.     Defendants admit the truth of the allegations in Paragraph 70 of the Complaint.

71.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 71 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

72.     Defendants deny the truth of the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the truth of the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the truth of the allegations in Paragraph 74 of the Complaint.

**Khims Organic V, Inc.**

75.     Defendants deny the truth of the allegations in Paragraph 75 of the Complaint.

76.     Defendants admit the truth of the allegations in Paragraph 76 of the Complaint.

77.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 77 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

78.     Defendants deny the truth of the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the truth of the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the truth of the allegations in Paragraph 80 of the Complaint.

**Khims Market Inc.**

81.     Defendants deny the truth of the allegations in Paragraph 81 of the Complaint.

82.     Defendants admit the truth of the allegations in Paragraph 82 of the Complaint.

83.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 83 of the Complaint as the term "principal executive office," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

84.     Defendants deny the truth of the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the truth of the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the truth of the allegations in Paragraph 86 of the Complaint.

**Sang Kyu Khim**

87.     Defendants admit the truth of the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the truth of the allegations in Paragraph 88 of the Complaint.

89.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 89 of the Complaint as the term "Sung," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

90.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 90 of the Complaint as the term "Liquor License," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

91.     Defendants deny the truth of the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the truth of the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the truth of the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the truth of the allegations in Paragraph 94 of the Complaint.

95.     Defendants aver that the allegations contained in Paragraph 95 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

**Sung Kyu Khim**

96.     Defendants admit the truth of the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the truth of the allegations in Paragraph 97 of the Complaint.

98.     Defendants admit the truth of the allegations in Paragraph 98 of the Complaint.

99.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 99 of the Complaint as the term "Principal," or "Liquor License," as alleged by Plaintiffs are ambiguous such that Defendants cannot admit or deny the truth thereof.

100.    Defendants deny the truth of the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the truth of the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the truth of the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the truth of the allegations in Paragraph 103 of the Complaint.

104.    Defendants aver that the allegations contained in Paragraph 104 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 104 of the Complaint.

**Song Kyu Khim**

105.    Defendants admit the truth of the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the truth of the allegations in Paragraph 106 of the Complaint.

107.    Defendants admit the truth of the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the truth of the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the truth of the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the truth of the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the truth of the allegations in Paragraph 111 of the Complaint.

112.    Defendants aver that the allegations contained in Paragraph 112 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 112 of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

113.    Defendants aver that the allegations contained in Paragraph 113 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants aver that the allegations contained in Paragraph 114 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 113 of the Complaint.

115.    Defendants aver that the allegations contained in Paragraph 115 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 115 of the Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS"

116.    Defendants aver that the allegations contained in Paragraph 116 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.     Defendants aver that the allegations contained in Paragraph 117 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.     Defendants deny the truth of the allegations in Paragraph 118 of the Complaint.

119.     Defendants deny the truth of the allegations in Paragraph 119 of the Complaint.

120.     Defendants deny the truth of the allegations in Paragraph 120 of the Complaint.

121.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint.

122.     Defendants deny the truth of the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the truth of the allegations in Paragraph 123 of the Complaint.

**AS TO "FACTS"**

124.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.

125.     Defendants deny the truth of the allegations in Paragraph 125 of the Complaint.

126.     Defendants deny the truth of the allegations in Paragraph 126 of the Complaint.

127.     Defendants deny the truth of the allegations in Paragraph 127 of the Complaint.

**Plaintiff Lorenzo Vega Camillo**

128.     Defendants deny the truth of the allegations in Paragraph 128 of the Complaint.

129.     Defendants deny the truth of the allegations in Paragraph 129 of the Complaint.

130.     Defendants deny the truth of the allegations in Paragraph 130 of the Complaint.

131.     Defendants deny the truth of the allegations in Paragraph 131 of the Complaint.

132.     Defendants deny the truth of the allegations in Paragraph 132 of the Complaint.

133.      Defendants deny the truth of the allegations in Paragraph 133 of the Complaint.

134.      Defendants deny the truth of the allegations in Paragraph 134 of the Complaint.

135.      Defendants deny the truth of the allegations in Paragraph 135 of the Complaint.

136.      Defendants deny the truth of the allegations in Paragraph 136 of the Complaint.

137.      Defendants deny the truth of the allegations in Paragraph 137 of the Complaint.

138.      Defendants deny the truth of the allegations in Paragraph 138 of the Complaint.

139.      Defendants deny the truth of the allegations in Paragraph 139 of the Complaint.

140.      Defendants deny the truth of the allegations in Paragraph 140 of the Complaint.

141.      Defendants deny the truth of the allegations in Paragraph 141 of the Complaint.

142.      Defendants deny the truth of the allegations in Paragraph 142 of the Complaint.

143.      Defendants deny the truth of the allegations in Paragraph 143 of the Complaint.

144.      Defendants deny the truth of the allegations in Paragraph 144 of the Complaint.

145.      Defendants deny the truth of the allegations in Paragraph 145 of the Complaint.

146.      Defendants deny the truth of the allegations in Paragraph 146 of the Complaint.

147.      Defendants deny the truth of the allegations in Paragraph 147 of the Complaint.

148.      Defendants deny the truth of the allegations in Paragraph 148 of the Complaint.

149.      Defendants deny the truth of the allegations in Paragraph 149 of the Complaint.

150.      Defendants deny the truth of the allegations in Paragraph 150 of the Complaint.

151.      Defendants deny the truth of the allegations in Paragraph 151 of the Complaint.

152.      Defendants deny the truth of the allegations in Paragraph 152 of the Complaint.

153.      Defendants deny the truth of the allegations in Paragraph 153 of the Complaint.

154.      Defendants deny the truth of the allegations in Paragraph 154 of the Complaint.

155.      Defendants deny the truth of the allegations in Paragraph 155 of the Complaint.

156.        Defendants deny the truth of the allegations in Paragraph 156 of the Complaint.

**Plaintiff Leticia Mejia Alejandro**

157.        Defendants deny the truth of the allegations in Paragraph 157 of the Complaint.

158.        Defendants deny the truth of the allegations in Paragraph 158 of the Complaint.

159.        Defendants deny the truth of the allegations in Paragraph 159 of the Complaint.

160.        Defendants deny the truth of the allegations in Paragraph 160 of the Complaint.

161.        Defendants deny the truth of the allegations in Paragraph 161 of the Complaint.

162.        Defendants deny the truth of the allegations in Paragraph 162 of the Complaint.

163.        Defendants deny the truth of the allegations in Paragraph 163 of the Complaint.

164.        Defendants deny the truth of the allegations in Paragraph 164 of the Complaint.

165.        Defendants deny the truth of the allegations in Paragraph 165 of the Complaint.

166.        Defendants deny the truth of the allegations in Paragraph 166 of the Complaint.

167.        Defendants deny the truth of the allegations in Paragraph 167 of the Complaint.

168.        Defendants deny the truth of the allegations in Paragraph 168 of the Complaint.

169.        Defendants deny the truth of the allegations in Paragraph 169 of the Complaint.

170.        Defendants deny the truth of the allegations in Paragraph 170 of the Complaint.

171.        Defendants deny the truth of the allegations in Paragraph 171 of the Complaint.

172.        Defendants deny the truth of the allegations in Paragraph 172 of the Complaint.

173.        Defendants deny the truth of the allegations in Paragraph 173 of the Complaint.

**<u>AS TO " FIRST CLAIM FOR RELIEF "</u>**
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs**

174.        Defendants repeat and reallege and reincorporate each and every answering

allegation, as though fully set forth herein.

175.    Defendants aver that the allegations contained in Paragraph 175 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the truth of the allegations in Paragraph 176 of the Complaint.

177.    Defendants deny the truth of the allegations in Paragraph 177 of the Complaint.

178.    Defendants deny the truth of the allegations in Paragraph 178 of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class**

179.    Defendants repeat and reallege and reincorporate each and every answering allegation, as though fully set forth herein.

180.    Defendants deny the truth of the allegations in Paragraph 180 of the Complaint.

181.    Defendants deny the truth of the allegations in Paragraph 181 of the Complaint.

182.    Defendants deny the truth of the allegations in Paragraph 182 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Class**

183.    Defendants repeat and reallege and reincorporate each and every answering allegation, as though fully set forth herein.

184.    Defendants aver that the allegations contained in Paragraph 184 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.        Defendants deny the truth of the allegations in Paragraph 185 of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF"
**New York Spread of Hours Provisions**
**N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**
**Brought by Plaintiffs on Behalf of Themselves and the Class**

186.        Defendants repeat and reallege and reincorporate each and every answering

allegation, as though fully set forth herein.

187.        Defendants deny the truth of the allegations in Paragraph 187 of the Complaint.

188.        Defendants deny the truth of the allegations in Paragraph 188 of the Complaint.

189.        Defendants deny the truth of the allegations in Paragraph 189 of the Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"
**New York Late Payment of Wages Provisions**
**New York Minimum Wage Act, N.Y. Lab. L. § 190 et seq.**
**Brought by Plaintiffs on Behalf of Themselves and the Class**

190.        Defendants repeat and reallege and reincorporate each and every answering

allegation, as though fully set forth herein.

191.        Defendants aver that the allegations contained in Paragraph 191 of the

Complaint call for legal conclusions to which no response is necessary. To the extent

that a response is necessary, Defendants deny the allegations contained in Paragraph

191 of the Complaint

192.        Defendants deny the truth of the allegations in Paragraph 192 of the Complaint.

193.        Defendants deny the truth of the allegations in Paragraph 193 of the Complaint.

194.        Defendants deny the truth of the allegations in Paragraph 194 of the Complaint.

195.        Defendants deny the truth of the allegations in Paragraph 195 of the Complaint.

196.        Defendants deny the truth of the allegations in Paragraph 196 of the Complaint.

197.        Defendants deny the truth of the allegations in Paragraph 197 of the Complaint.

## "AS TO PRAYER FOR RELIEF"

Defendants deny the allegations contained in the unnumbered paragraphs asserting prayer for relief, and its subparagraphs, and aver that Plaintiffs are not entitled to any of the relief requested therein or any other relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief as Plaintiffs' Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief due to unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the NYLL.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the FLSA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because Defendants properly paid plaintiffs for all hours worked.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail based on the Statute of Limitations and plaintiffs' failure to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are exempt from the NYLL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are exempt from the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At all times herein, Defendants used good faith in calculating Plaintiffs' compensation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The individual defendants are not liable under the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The individual defendants are not liable under the FLSA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the NYLL.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the FLSA.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not common enough to sustain a collective or class action.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical enough to sustain a collective or class action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

At all times herein, Defendants used good faith in calculating Plaintiffs' compensation.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants made complete and timely payment to Plaintiffs for all wages due.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

At all times Defendants believed, in good faith, that they were not required to provide 195.1 Statements to Plaintiffs.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

At all times Defendants believed, in good faith, that they were not required to provide 195.3 paystubs to Plaintiffs.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated enough to maintain a class or collective action.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses as Plaintiffs' claims are clarified in the course of this litigation.

### IN SUPPORT OF ITS COUNTERCLAIMS, DEFENDANTS ALLEGE AS FOLLOWS:

1. Plaintiff Lorenzo Vega Camillo (hereafter, "Plaintiff Vega Camillo") worked as a manager at Khims Millennium Market VI Inc., (hereafter, "Khims Millennium" or "the Market") located in Brooklyn, New York until October 2022.

2. Khims Millennium Market VI Inc. operates its business as a supermarket.

3. While Plaintiff Vega Camillo was working for Khims Millennium, frequently requested "advancement" of the payment to cover his personal expenses as well as his family member's living/travel expenses.

4. For instance, soon after the Covid-pandemic stared in 2020, Plaintiff Vega Camillo received "advancement" of payment in the amount of $8,000.00 to move-in to an apartment located in Manhattan.

20

5.  For another instance, around the end of 2021, Plaintiff Vega Camillo received "advancement" of payment in the amount of $12,000.00 to pay Plaintiff Leticia Mejia Alejandro's and his child(en)'s moving and travel expenses.

6.  Upon information and belief, Plaintiff Leticia Mejia Alejandro moved from Mexico to the U.S. after Plaintiff Vega Camillo received the $12,000.00 "advancement" from Khims Millennium.

7.  For another instance, around the end of 2021, Plaintiff Vega Camillo requested "advancement" of payment in the amount of $7,000.00 to cover his family member's living expenses. Upon receipt of the $7,000.00 "advancement," and informed Khims Millennium that he would reimburse the amount.

8.  In or around October 2022, Plaintiff Vega Camillo stopped coming to work at Khims Millennium and remained non-responsive without reimbursing any of the "advanced" payments he received while working at Khims Millennium.

9.  Plaintiff Vega Camillo would reimburse the amount of $8,000.00 "advanced" payment that he received to move-in to the apartment located in Manhattan, but failed to reimburse Khims Millennium to date.

10. Plaintiff Vega Camillo would reimburse the amount of $12,000.00 "advanced" payment that he received to cover his family members' moving/travel expenses, but failed to reimburse Khims Millennium to date.

11. Plaintiff Vega Camillo would reimburse the amount of $7,000.00 "advanced" payment that he received to cover his family members' living expenses, but failed to reimburse Khims Millennium to date.

## AS AND FOR A FIRST COUNTERCLAIM: CONVERSION

12. Defendants repeat, reallege and incorporate herein the allegations of the foregoing counterclaim paragraphs.

13. The conduct of Plaintiff Vega Camillo as set forth above represented a wrongful unauthorized exercise of control over income properly due to Khims Millennium, and Plaintiff i Vega Camillo interfered with and was in defiance of Khims Millennium superior right to the unreimbursed payment of "advanced" payments in the amount of $8,000.00 for move-in cost, $12,000.00 for covering family member's moving/travel expense, and $7,000.00 to pay for his family members' living expenses.

14. As a result of the foregoing, Khims Millennium has been injured, and is entitled to special and exemplary damages, in an amount to be determined at trial.

**AS AND FOR A SECOND COUNTERCLAIM: UNJUST ENRICHMENT**

15. Defendants repeat and reallege, and incorporate herein the allegations of the foregoing counterclaim paragraphs.

16. The actions of Plaintiff Vega Camillo as alleged and set forth herein were designed to cause injury to Khims Millennium and to deprive Khims Millennium of its business assets and income without any cause or justification therefore.

17. Plaintiff Vega Camillo was enriched by retaining Khims Millennium's income and business revenue without reimbursement at Khims Millennium expense.

18. Plaintiff Vega Camillo's action, for retaining Khims Millennium's income and business revenue (without reimbursing Khims Millennium), is against equity and good conscience to permit Plaintiff Vega Camillo to retain Khims Millennium's income and business revenue that Khims Millennium seeks to recover.

19. As a result of the foregoing, Khims Millennium has been injured, and is entitled to

special and exemplary damages, in an amount to be determined at trial.

## DEFENDANTS' RELIEF REQUESTED

**WHEREFORE**, Defendants pray for judgment as follows:

A.      That Plaintiffs' Complaint be dismissed in its entirety;

B.      On Defendants' First Counterclaim, Defendant  Khims Millennium Market VI Inc. be  awarded  damages  in  an amount to be determined at trial;

C.      On Defendants' Second Counterclaim, Defendant Khims Millennium Market VI Inc.  be  awarded  damages  in  an amount to be determined at trial;

D.      Award Defendants their reasonable and necessary attorneys' fees and costs; and,

E.      Grant Defendants such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Dated: Flushing, New York
          March 24, 2023

Respectfully Submitted,
SEO LAW GROUP, PLLC

By:  _____/s/ *Diana Y Seo*_____
Diana Y Seo, Esq.
136-68 Roosevelt Ave., Suite 726
Flushing, NY 11354
Tel: (718) 500-3340
Email: diana@seolawgroup.com
*Attorneys for Defendants*

23

To:
D. Maimon Kirschenbaum, Esq.
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587
Email: maimon@jk-llp.com
*Attorneys for Plaintiffs*