**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 D. |
| Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

April 14, 2023

**VIA ECF**

Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Vega Camillo, et al v. Khim's Millennium Market, Inc., et al.* – Case No.
         1:22-cv-07846 – Plaintiff's Letter Request for a Pre-Motion Conference

Dear Judge Donnelly:

  We represent Plaintiffs Lorenzo Vega Camillo and Leticia Mejia Alejandro in the above-referenced action. Pursuant to your Honor's Individual Rule 4(A)(i), we write to request a pre-motion conference regarding Plaintiff Vega Camillo's anticipated motion to dismiss Defendants' counterclaims under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction.

## Background

  In their Complaint, Plaintiffs allege that they worked at Defendants' supermarkets. Complaint ("Compl.") ¶¶ 10-20, Dkt. No. 1. Specifically, Plaintiff Vega Camillo alleges that he worked for Defendants as a clerk from 2013-2021, and as a manger from 2021-October 2022. Comp. ¶¶ 128-136. Plaintiff Mejia Alejandro alleges that she worked for Defendants as a clerk from February 2022 to October 2022. Comp. ¶ 157. Plaintiffs allege that they were paid an hourly wage, routinely worked over 40 hours in a week, routinely worked more than 10 hours a day, and worked as manual laborers. Compl. ¶¶ 128-173. Plaintiffs further allege that Defendants did not pay time and a half their regular rate of pay for hours worked over forty during a work week, did not pay the spread of hours premium on days when Plaintiffs worked over ten hours, did not issue Plaintiffs wage notices or wage statements, and, for a portion of their employment, paid Plaintiffs bi-weekly. Compl. ¶¶ 128-173.

  Based on these factual allegations, Plaintiffs bring claims against all Defendants, on behalf of themselves and other similarly situated individuals, for (1) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) failure to provide the wage notices and wage statements as required under NYLL § 195; (3) failure to pay the spread of hours premium as required under the NYLL; and (4) failure to pay Plaintiff on a weekly basis as required by NYLL § 191. Compl. ¶¶ 174-197.

  In their Answer, Defendants have alleged additional facts and asserted counterclaims against Plaintiff Lorenzo Vega Camillo. *See generally* Answer, Dkt. No. 24. In sum, Defendants allege that they "advanced" Plaintiff substantial sums of money – $8,000; $12,000; and $7,000 – on three

separate occasions during Plaintiff's employment with Defendants and that Plaintiff did not pay back these loans. *See* Answer, Counterclaim Allegations ¶¶ 1-11. Based on these factual allegations, Defendants assert common law claims for 1) conversion and 2) unjust enrichment. *See* Answer, Counterclaim Allegations ¶¶ 12-19. For the reasons described below, this Court does not have subject matter jurisdiction over these state law claims and should grant Plaintiff's anticipated FRCP 12(b)(1) motion to dismiss.

## **This Court Lacks Subject Matter Jurisdiction Over Defendants' State Law Counterclaims**

In reviewing a motion to dismiss under FRCP 12(b)(1), courts must "accept as true all material factual allegations in the complaint," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998), but refrain from "drawing from the pleadings inferences favorable to the party asserting" jurisdiction, *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). The party "asserting subject matter jurisdiction has the burden of proving by the preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A case is properly dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) "when the district court lacks the statutory or constitutional authority to adjudicate it." *Id.* "Congress has conferred on district courts subject matter jurisdiction in federal question cases under 28 U.S.C. § 1331, diversity of citizenship cases under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367 where a court has original jurisdiction over some claims in the action." *Anwar v. Stephens*, Case No. CV-15-4493, 2016 U.S. Dist. LEXIS 102816, at *5 (E.D.N.Y. Aug. 3, 2016.), *adopted* 2016 U.S. Dist. LEXIS 113025 (E.D.N.Y. Aug. 24, 2016).

"A court exercises supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* (citation omitted). "Counter claims raising issues of state law are part of the 'same case or controversy' where they share a 'common nucleus of operative fact' with the plaintiff's underlying claim." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008).

"A common nucleus of operative fact exists where plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Anwar*, 2016 U.S. Dist. LEXIS 102816, at *6 (citation omitted). Courts look to whether the "facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.* A common nucleus of operative fact does not exist where the state law claims "involved different rights, different interest, and different underlying facts" than the federal claims. *Torres*, 628 F. Supp. 2d at 468. Importantly, in FLSA and NYLL cases, "district courts in this circuit have held that the fact of an employment relationship does not establish a common nucleus of operative fact where it is the sole fact that connects the federal and nonfederal claims." *Thomas v. Eony LLC*, Case No. 13-CV-8512, 2015 U.S. Dist. LEXIS 52290 at *13 (S.D.N.Y. April 21, 2015).

Here, Defendants do not provide a statement of jurisdiction for their counterclaims. *See generally* Answer. It is clear, however, that Defendants' counterclaims for conversion and unjust

enrichment do not implicate federal question jurisdiction or diversity jurisdiction.[1] *See e.g., Anwar*, 2016 U.S. Dist. LEXIS 102816, at *8 (holding that counterclaims for unjust enrichment and breach of contract do not create original subject matter jurisdiction). As such, this Court does not have original subject matter jurisdiction over the counterclaims.

Furthermore, the Court does not have supplemental jurisdiction over the counterclaims because the alleged loans ("advancements") that form the basis of Defendants' conversion and unjust enrichment counterclaims do not form a common nucleus of operative fact with Plaintiffs' FLSA and NYLL claims. Plaintiffs' Complaint centers on Defendants' unlawful pay practices over the course of Plaintiff's employment. *See* Compl. ¶¶ 128-173 That is, Defendants' failure to pay overtime, to pay spread of hours, to issue wage statements and notices, and to pay on a weekly basis. *See* Compl. ¶¶ 174-197. In contrast, Defendants' alleged loans to Plaintiff Vega Camillo do not arise out of Defendants' pay practices, but out of separate alleged facts that Defendants issued Plaintiff loans ("advancements") that he has not paid back. *See* Answer, Counterclaim Allegations ¶¶ 1-1. At most, "plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact along is insufficient to form the basis of supplemental jurisdiction." *Anwar*, 2016 U.S. Dist. LEXIS 102816, at *9-10.

Federal District Courts in this Circuit have routinely held that they do not have supplemental jurisdiction over state law counterclaims that arise out of unpaid loans or other allegations of theft in FLSA and NYLL overtime cases. *See e.g., Barrera v. FF an A Restaurant Corp.*, Case No. 19 CV 2747, 2021 U.S. Dist. LEXIS 62896 at *17-22 (E.D.N.Y. March 29, 2021) (finding no supplemental jurisdiction over conversion, unjust enrichment, and breach of fiduciary duty counterclaims alleging Plaintiff stole from Defendants); *Mori v. E1 Asset Mgmt.*, Case No. 15 CV 1991, 2016 U.S. Dist. LEXIS 27911 at *6-9 (S.D.N.Y. Jan. 28, 2016) (finding no supplemental jurisdiction over breach of duty counterclaims alleging Plaintiff made unauthorized trades); *Anwar*, 2016 U.S. Dist. LEXIS 102816, at *9-10 (finding no supplemental jurisdiction over breach of contract and unjust enrichment counterclaims alleging Plaintiff had failed to pay back loans); *Torres*, 628 F. Supp. 2d at 468-469 (finding no supplemental jurisdiction over faithless-servant counterclaims alleging Plaintiff committed credit card fraud).

For the reasons above, we respectfully request that the Court schedule a pre-motion conference regarding Plaintiff Vega Camillo's anticipated motion to dismiss Defendants' counterclaims under FRCP 12(b)(1). We thank the Court for its consideration of this matter.

Sincerely,

/s/ Michael DiGiulio
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640

*Attorney for Plaintiff*

---

[1] Defendants do not allege that the parties are citizens of different states. *See generally* Answer. Further, Defendants' allegations that Plaintiff owes Defendants $27,000 is plainly below the $75,000 threshold in 28 U.S.C. § 1332(a). *See* Answer ¶¶ 12-19.