

# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

April 21, 2023

<u>VIA ECF</u>
Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Vega Camillo, et al v. Khim's Millennium Market, Inc., et al.***
> **Case No.: 1:22-cv-07846 – Defendants' Opposition to Plaintiff's Letter Request for a Pre-Motion Conference**

Dear Judge Donnelly:

This office represents the Defendants in the above-referenced matter. This letter is in opposition to Plaintiffs' letter request for a pre-motion conference regarding Plaintiff Vega Camillo's anticipated motion to dismiss Defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## Background

Defendants assert counterclaims in their Answer, alleging that while Plaintiff Vega Camillo ("Plaintiff") was employed with Defendant Khims Millennium Market VI Inc. ("Defendant"), that Plaintiff requested and received advancements in payment in the total amount of $27,000.00 from the Defendants between on or about January 2020 to on or about December 2021. See Answer pg. 20 – 21.

## **This Court Has Subject Matter Jurisdiction Over Defendants' Counterclaims**

28 U.S. Code 1367(c)(1) and 28 U.S. Code 1367(c)(2) states as follows:

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of State law; and
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Cir. 2000). The Second Circuit has characterized this burden as "modest," however, allowing for subject-matter jurisdiction as long as the complaint "states a colorable federal claim." *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999).

Whether a counterclaim is compulsory or permissive depends on whether the counterclaim arises "out of the transaction or occurrence" from which the opposing claim arises. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008). In *Jones v. Ford Motor Credit Co*., the Second Circuit instructed that: "this Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim. Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." [*11] 358 F.3d at 209 (2d Cir. 2004)

Even where a counterclaim is permissive rather than compulsory, the court may exercise supplemental jurisdiction if the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); see also Jones, 358 F.3d at 212-13. To constitute the same case or controversy, the claims "must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

Plaintiffs cite to *Thomas v. Eony LLC*, stating that, "district courts in this circuit have held that the fact of an employment relationship does not establish a common nucleus of operative fact where it is the sole fact that connects the federal and nonfederal claims." However, that case is distinguishable from the matter at hand, because here in our case, the employment relationship is not the "**sole** fact that connects the federal and nonfederal claims." Here in our case, Plaintiff has repeatedly asked for an advancement of payment over the course of approximately two years, and Defendant has provided said advancement in the amount of $27,000 over that same period of time. Therefore it cannot be said that the employment relationship is the only fact that connects the federal and nonfederal claims here. Moreover, in *Thomas v. Eony LLC*, the plaintiffs were seeking supplemental jurisdiction for their sexual harassment and disability discrimination claims, which is of a different nature of claims than the monetary advancements that were made to the Plaintiff throughout the course of his employment with Defendants.

Plaintiffs also rely on *Barrera v. FF an A Restaurant Corp.*, stating that "Federal District Courts in this Circuit have routinely held that they do not have supplemental jurisdiction over state law counterclaims that arise out of unpaid loans or other allegations of theft in FLSA and NYLL overtime cases." However, this is misleading because *Barrera v. FF an A Restaurant Corp.* does not involve unpaid loans in any shape or form. In that case, defendants' counterclaims stem from the allegations that the plaintiffs were "actively and continuously stealing food and alcohol from the restaurant without paying for it." Plaintiffs also rely on a string of other cases, but aside from *Anwar*, none of these cases involve an advancement of payment. While Plaintiffs primarily rely



# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

on *Anwar v. Stephens,* this case is distinguishable in that Mr. Anwar's motion to dismiss the counterclaims was unopposed.

Moreover, while Plaintiffs argue that Defendants' payment advancements "do not arise out of Defendants' pay practices," this is a premature conclusion because such payments were made to the Plaintiff only because he was employed with the Defendant.

In addition, it should not be ignored that between the beginning of 2020 and the end of 2022, the world was experiencing an extraordinary pandemic crisis. While many businesses suffered, many employees also experienced extreme hardship as well, a point that did not go unnoticed by the Defendants here, which is evident from the $27,000 advancement to the Plaintiff. Defendant made these advancements to the Plaintiff out of such considerations. Defendants have already incurred attorneys' fees as a result of Plaintiffs' action here. If the counterclaims here were to be dismissed, Defendants would have to file a separate action in state court, which would cause them to incur additional attorneys' fees, expend more time, and would in essence, penalize the Defendants from acting out of the goodness of their hearts during an extremely difficult period of time.

Moreover, pursuant to 28 U.S. Code 1367(c)(1) and (2), the state claims here in the amount of $27,000 do not predominate over the claims that give this court original jurisdiction, nor does it raise a novel or complex issue of state law.

For the reasons above, we respectfully request that the Court deny Plaintiff's request to schedule a pre-motion conference regarding Plaintiff's anticipated motion to dismiss.

Sincerely,

 /s/ Robert Jun
Robert Jun
136-68 Roosevelt Ave., Suite 726
Flushing, New York 11354
Tel: 718.500.3340
robert@seolawgroup.com

*Attorneys for Defendants*