UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
LORENZO VEGA CAMILLO, and LETICIA
MEJIA ALEJANDRO, on behalf of themselves and
others similarly situated,

        Plaintiffs,

v.

KHIM'S MILLENNIUM MARKET, INC., KHIM'S
MILLENNIUM MARKET III INC., KHIM'S
MILLENNIUM MARKET IV, INC., KHIM'S
MILLENNIUM MARKET V, INC., KHIMS
MILLENNIUM MARKET VI INC, KHIM'S
ORGANIC II INC., KHIM'S ORANIC IV INC.,
KHIMS ORGANIC V INC., KHIIMS MARKET
INC., SANG KYU KHIM, SUNG KYU KHIM, and
SONG KYU KHIM,

        Defendants.
-----------------------------------------------------x

CASE NO. 22-CV-7846
(AMD) (PK)

# PLAINTIFF CAMILLO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTER CLAIMS PURSUANT TO RULE 12(B)(1)

JOSEPH & KIRSCHENBAUM LLP
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff Camillo*

I.      **PRELIMINARY STATEMENT**

In their Answer to Plaintiffs' Complaint alleging violations of federal and New York State wage-and-hour laws, Defendants have asserted two state law counterclaims of conversion and unjust enrichment against Plaintiff Lorenzo Vega Camillo. These counterclaims should be dismissed for lack of subject matter jurisdiction for two reasons. First, there is simply no logical connection between the counterclaims and Plaintiffs' federal wage-and-hour claims that would support a finding that the counterclaims are compulsory under Rule 13 of the Federal Rules of Civil Procedure. Second, Defendants' counterclaims are not "so related" to Plaintiff's FLSA claims that they form part of the same case or controversy, which is a prerequisite to the exercise of supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367(a). Accordingly, Defendants' counterclaims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

II.     **BACKGROUND**

Plaintiffs Lorenzo Vega Camillo and Leticia Mejia Alejandro are former employees of Defendants who worked at Defendants' supermarkets. ECF No. 1 (Compl.) ¶¶ 10-20. In December 2022, Plaintiffs filed a class/collective action Complaint against Defendants on behalf of themselves and other similarly situated employees. *See id.* The Complaint asserts five claims against Defendants alleging wage-and-hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id*. Specifically, Plaintiffs allege Defendants violated the FLSA and NYLL overtime requirements by failing to pay the required overtime premium for those hours Plaintiffs worked in excess of 40 per week. *Id.* ¶¶ 174-78. Plaintiffs further assert that Defendants: (1) failed to comply with New York's wage notice and wage statement requirements set forth in N.Y. Lab. Law § 195; (2) failed to pay "spread of hours" wages

1

to 12 N.Y.C.R.R. § 146-1.6 when Plaintiffs' workdays spanned more than 10 hours; and (3) failed to pay Plaintiffs on a weekly basis as manual laborers are required to be paid under N.Y. Lab. Law § 191. *Id.* ¶¶ 183-97.

Plaintiffs bring their FLSA claims on behalf of themselves and a collective of all non-exempt workers that Defendants employed in the three years before the filing of the Complaint. *See* Compl. ¶¶ 113. Plaintiffs' NYLL claims are brought on behalf of themselves and a class of all non-exempt workers that Defendants employed in the six years before the filing of the Complaint. *Id.* ¶¶ 116.

In March 2023, Defendants filed an Answer with Counterclaims. *See* ECF No. 24 (Answer). In it, Defendants allege two counterclaims under New York state law against Plaintiff Camillo: conversion and unjust enrichment. *Id.* at 20-22. In connection with these counterclaims, Defendants allege that during the course of his employment, Defendants gave Plaintiff Camillo three "'advancement[s]' of payment" consisting of $8,000 in 2020, $12,000 at the end of 2021, and $7,000 around the end of 2021. *Id.* at 20-21 ¶¶ 4-7. They further allege that although Plaintiff Camillo informed Defendants he would reimburse them for these purported "advancements," he stopped coming to work in October 2022 and never reimbursed Defendants. *Id.* at 22 ¶¶ 8-11. Defendants make no allegations that Plaintiff Camillo's wages were reduced because of these "advancements" or that any monies were deducted from his wages to cover the supposed "advancements." *See id.* at 20-23.

### III.     ARGUMENT

Defendants' counterclaims must be dismissed for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United*

2

*States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id*. On such a motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

Here, Defendants' New York State law counterclaims do not present a federal question and Defendants have not invoked this Court's diversity jurisdiction. *See* Answer; *see also* 28 U.S.C. §§ 1331, 1332. As there is no basis for the exercise of original subject matter jurisdiction over the counterclaims, those claims must be dismissed for lack of subject matter jurisdiction unless Defendants show that the claims are either (1) compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure, *see Scott v. Long Island Sav. Bank*, 937 F.2d 738, 742 (2d Cir. 1991) (no independent basis of federal jurisdiction needed to adjudicate compulsory counterclaim), or (2) "so related" to Plaintiff's federal FLSA claims that an exercise of supplemental jurisdiction is appropriate, *see* 28 U.S.C. § 1367. Defendants can make neither showing.

**A. Defendants' Counterclaims Are Not Compulsory Under Rule 13.**

Compulsory counterclaims – claims that "must" be stated in a responsive pleading – are those that arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and do not require the addition of "another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). A counterclaim arises out of the "same transaction or occurrence" where "there is a logical relationship between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). This test requires that "the

3

essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.*

Here, there is no "logical connection" between Plaintiffs' wage-and-hour claims and Defendants' state law tort claims. Plaintiff Camillo's FLSA and NYLL wage claims are brought on behalf of himself and on behalf of a class/collective of service employees. *See generally* Compl. Plaintiffs allege that Defendants failed to pay them and these employees' overtime and spread of hours wages, failed to provide them and these employees the required wage notices and wage statements, and improperly paid them and these employees, because they are manual labor employees, on a bi-weekly rather than weekly basis. *See generally* Compl. The resolution of these wage-and-hour claims will involve inquiry into Plaintiffs and these employees' hours worked, Plaintiffs and these employees' job duties and responsibilities, as well as Defendants' payroll practices and timekeeping systems.

Defendants' counterclaims, by contrast, allege that one individual, Plaintiff Camillo, reneged on his promise to "reimburse" Defendants for their supposed "advancements" of payment. *See* Answer at 21-22. The resolution of these claims will involve inquiry into topics completely unrelated to the propriety of Defendants' payroll and timekeeping practices, including: (a) whether Defendants made any of the purported "advancements," (b) the terms under which those advancements were made, and (c) whether Plaintiff Camillo in fact failed to "reimburse" Defendants for the payments. The only possible connection between Plaintiff's wage-and-hour claims and Defendants' counterclaims is that these claims arise out of the same employment relationship.

Courts in this Circuit have repeatedly found that such a tenuous connection is insufficient to find that counterclaims are compulsory. *See, e.g.*, *Mori v. E1 Asset Mgmt.*, 15-cv-1991 (AT),

4

2016 U.S. Dist. LEXIS 27911, at *7-8 (S.D.N.Y. Jan. 28, 2016) (breach of duty counterclaim alleging unauthorized trading on behalf of FLSA plaintiff not compulsory as "[t]he only connection between Plaintiff's FLSA claims and the counterclaim is that they arise out of the same employment relationship, which courts in this district have found insufficient to support a finding that counterclaims are compulsory"); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2008) (faithless servant counterclaim asserted against FLSA plaintiff not compulsory). Moreover, that Defendants have chosen to refer to the supposed loans to Plaintiff Camillo as "advancements of payment" does not obviate the clear distinction between the essential facts necessary to establish (a) that Plaintiff Camillo failed to repay the supposed loans and (b) that Defendants failed to pay their employees required overtime wages. *See, e.g.*, *Johnson v. Wave Comm. GR LLC*, No. 10-cv-346, 2011 U.S. Dist. LEXIS 160563, at *23 (N.D.N.Y. Sept. 27, 2011) (finding that an unjust enrichment counterclaim was not compulsory to the plaintiffs FLSA claims even where the defendant asserted that both claims "relate to [defendant's] payment of compensation"). Notably, Defendants nowhere allege that any of Plaintiff Camillo's wages were reduced *because* of the supposed advancements or that they made any deductions from his wages to satisfy the purported loans. *See* Answer at 21-23. As such, there is no connection between the alleged loans and Plaintiff's allegations of underpayment.

Accordingly, because there is no "logical connection" between Plaintiffs' FLSA claims and Defendants' unjust enrichment and conversion counterclaims, those counterclaims are permissive, not compulsory under Fed. R. Civ. P. 13.

5

### B. Supplemental Jurisdiction is Lacking over the Permissive Counterclaims Because They Are not "So Related" to Plaintiffs' FLSA Claims that they Form Part of the Same Case or Controversy.

As Defendants' counterclaims are clearly permissive, they may be brought in this action only if Defendants establish a valid basis for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a). In a civil action in which it has original jurisdiction, a district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, the "state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also, e.g.*, *Torres*, 628 F. Supp. 2d at 468 ("Counter claims raising issues of state law are part of the 'same case or controversy' where they share a 'common nucleus of operative fact' with the plaintiff's underlying claim.").

"In determining whether two disputes arise from a common nucleus of operative fact," courts inquire "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alterations and internal quotation marks omitted). A common nucleus of operative fact does not exist where the state law claims "involved different rights, different interest, and different underlying facts" than the federal claims. *Torres*, 628 F. Supp. 2d at 468. Importantly, in FLSA and NYLL cases, "district courts in this circuit have held that the fact of an employment relationship does not establish a common nucleus of operative fact where it is the sole fact that connects the federal and nonfederal claims." *Thomas v. Eony LLC*, Case No. 13-CV-8512, 2015 U.S. Dist. LEXIS 52290 at *13 (S.D.N.Y. April 21, 2015).

Here, much for the reasons stated above, there is clearly no "common nucleus of operative fact" that connects Plaintiffs' FLSA overtime claim to Defendants' counterclaims for conversion and unjust enrichment. The gravamen of Plaintiffs' FLSA overtime claim is that Plaintiffs, and other similarly situated employees, frequently worked more than 40 hours per week and were not paid the required overtime premium for the excess hours. *See* Compl. ¶¶ 137-46, 160-64. These overtime claims are keyed to evidence concerning the number of hours employees worked, and whether and how much they were paid for that time. The focus of Defendants' conversion and unjust enrichment counterclaims is on specific loans purportedly advanced to Plaintiff Camillo that he promised to reimburse but did not. *See* Answer at 20-21. The evidence necessary to prove these counterclaims, therefore, involves whether the loans were made, the terms of the loans, and whether Plaintiff Camillo did not repay the amounts as he supposedly promised. Thus, as the evidence necessary to prove the conversion and unjust enrichment claims does not in any way overlap with the evidence necessary to prevail on Plaintiffs' underlying FLSA overtime claim, the counterclaims must be dismissed. *See, e.g., Ozawa v. Orisini Design Assocs.* Case No. 13-CV-1282, 2015 U.S. Dist. LEXIS 29933, at *32-34 (S.D.N.Y. Mar. 11, 2015) (declining to exercise supplemental jurisdiction over counterclaims where there was no overlap between the evidence necessary to establish the state law counterclaim and the underlying overtime claims); *Torres*, 628 F. Supp. 2d at 468-69 (declining to exercise supplemental jurisdiction over faithless servant counterclaims alleging sexual harassment and credit card fraud because "none of the events alleged in defendants' state law faithless servant [counter]claims [were] relevant to Plaintiffs' overtime claims"); *Yahui Zhang v. Akami Inc.*, No. 15-CV-4946 (VSB), 2017 U.S. Dist. LEXIS 158112, at *22 (S.D.N.Y. Sep. 26, 2017) (declining to exercise supplemental jurisdiction over counterclaims for intentional infliction of emotional distress, sexual harassment, and prima facie tort for acts

allegedly committed by the plaintiff in the course of his employment since "the facts underlying the FLSA claims and counterclaims do not substantially overlap"); *Mori*, 2016 U.S. Dist. LEXIS 27911, at *8-9 ("Plaintiff's federal claims are factually distinct from Defendant's second counterclaim; whether E1 has appropriately compensated its portfolio managers pursuant to the FLSA will have little, if any, factual overlap with questions of unauthorized trading and Plaintiff's duty to his former employer.").

The *only* connection between Defendants' counterclaims and Plaintiffs' FLSA overtime claim is that all claims arise from Plaintiff Camillo's employment relationship with Defendants. But again, the mere fact that federal claims and state law counterclaims arise from an employment relationship "does not establish a 'common nucleus of operative fact' where it is the sole fact connecting [a plaintiff's] federal overtime claims and [a defendant's] state law counterclaims." *Torres*, 628 F. Supp. 2d at 468-69 (citing cases); *Ozawa*, 2015 U.S. Dist. LEXIS 29933, at *32-34 ("Because there is little beyond the employment relationship that joins the state law counterclaim with Ozawa's overtime claims, the Court concludes that it lacks jurisdiction over Defendants' state law counterclaim."); *Anwar v. Stephens*, No. CV 15-4493 (JS)(GRB), 2016 U.S. Dist. LEXIS 102816, at *9 (E.D.N.Y. Aug. 3, 2016) ("At most, plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction.").

Finally, as explained above, the fact that Defendants characterize the loans as "advancements of payment" does not create a connection between the counterclaims and Plaintiff Camillo's FLSA overtime claim because the Answer is completely devoid of any allegations that Plaintiff Camillo's wages were affected in any way by the purported advancements. Indeed, Courts in this Circuit have routinely held that they do not have supplemental jurisdiction over state law

8

counterclaims that arise out of unpaid loans or other allegations of theft in FLSA and NYLL overtime cases. *See e.g., Barrera v. FF an A Restaurant Corp.*, Case No. 19 CV 2747, 2021 U.S. Dist. LEXIS 62896 at *17-22 (E.D.N.Y. March 29, 2021) (finding no supplemental jurisdiction over conversion, unjust enrichment, and breach of fiduciary duty counterclaims alleging Plaintiff stole from Defendants); *Mori*, , 2016 U.S. Dist. LEXIS 27911 at *6-9 (finding no supplemental jurisdiction over breach of duty counterclaims alleging Plaintiff made unauthorized trades); *Anwar*, 2016 U.S. Dist. LEXIS 102816, at *9-10 (finding no supplemental jurisdiction over breach of contract and unjust enrichment counterclaims alleging Plaintiff had failed to pay back loans); *Torres*, 628 F. Supp. 2d at 468-469 (finding no supplemental jurisdiction over faithless-servant counterclaims alleging Plaintiff committed credit card fraud).

In sum, this Court clearly lacks authority to adjudicate Defendants counterclaims because (a) they are not compulsory under Fed. R. Civ. P. 13 and (b) are not part of the same "case or controversy" under 28 U.S.C. § 1367(a).

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff Camillo's motion to dismiss Defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: New York, New York
December 22, 2023

By:   *s/Michael DiGiulio*
D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiffs*

9