UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :

**LORENZO VEGA CAMILLO** and **LETICIA MEJIA ALEJANDRO**, *on behalf of themselves and others similarly situated*,

                          Plaintiffs,

              – against –

**KHIM'S MILLENNIUM MARKET, INC., KHIM'S MILLENNIUM MARKET III INC., KHIM'S MILLENNIUM MARKET IV, INC., KHIM'S MILLENNIUM MARKET V, INC., KHIMS MILLENNIUM MARKET VI INC., KHIM'S ORGANIC II INC., KHIM'S ORGANIC IV INC., KHIMS ORGANIC V INC., KHIMS MARKET INC., SANG KYU KHIM, SUNG KYU KHIM,** and **SONG KYU KHIM**,

                        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

22-CV-7846 (AMD) (PK)

-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiffs brought this action against their employer — including corporate defendants that collectively own and operate a supermarket chain — for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq*. (ECF No. 1.) The plaintiffs filed a complaint on December 23, 2022 (*id.*) and the defendants answered on March 24, 2023 (ECF No. 24).

       On February 14, 2024, the defendants' attorney moved to withdraw as counsel. (ECF No. 45.) Magistrate Judge Peggy Kuo granted the request after a hearing and notified the defendants that the corporate entities must be represented by counsel to appear in the action. (*ECF Minute Entry and Order dated Feb. 20, 2024*.) No new counsel appeared for the

defendants, and the defendants did not appear at a status conference scheduled for April 2, 2024, before Judge Kuo.  (*ECF Minute Order dated Apr. 2, 2024*.)  Judge Kuo ordered the defendants to show cause as to why they should not be found in default for not appearing at the status conference.  (*Id.*)  The defendants did not respond.  (*ECF Order dated Apr. 30, 2024*.)  At the plaintiffs' request, the Clerk of Court filed entries of default on May 29, 2024.  (ECF Nos. 51, 52.)  On August 23, 2024, the plaintiffs filed a motion for default judgment against the defendants.  (ECF No. 56.)  The Court referred the motion to Judge Kuo on August 27, 2024.  (*ECF Order dated Apr. 30, 2024*.)

On March 6, 2025, Judge Kuo held oral argument on the plaintiffs' motion.  (*ECF Order dated Apr. 30, 2024*.)  On March 13, 2025, Judge Kuo issued a thorough report and recommendation, recommending that the plaintiffs' motion be granted and that damages of $197,455.42 be awarded to plaintiff Vega Camillo and damages of $23,710 be awarded to plaintiff Mejia Alejandro.  (ECF No. 69.)  No objections have been filed to the report and recommendation and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

The Court has reviewed Judge Kuo's meticulous and persuasive report and recommendation, the available record, and relevant case law, and finds no clear error in Judge Kuo's recommendation that the Court grant the plaintiffs' motion for default judgment or in the

damages calculation. Accordingly, the Court adopts the report and recommendation in full. The plaintiffs' motion for default judgment is granted, and the defendants are jointly and severally liable for a judgment totaling $221,165.42, divided as follows:

To Vega Camillo: $70,307.21 for unpaid overtime; $8,050.50 for spread of hours; $5,000 for failure to provide wage notices; $5,000 for failure to provide wage statements; $70,307.21 in liquidated damages on unpaid overtime; $8,050.50 in liquidated damages on spread of hours; and $30,740 in liquidated damages on untimely paid wages.

To Mejia Alejandro: $2,820 for unpaid overtime; $5,000 for failure to provide wage notices; $5,000 for failure to provide wage statements; $2,820 in liquidated damages on unpaid overtime; and $8,070 in liquidated damages on untimely paid wages.

In addition, the Court awards $41,993 in attorneys' fees and $2,231.77 in costs. The plaintiffs are also awarded pre-judgment and post-judgment interest, to be calculated as set forth in Judge Kuo's Report and Recommendation. (ECF No. 69 at 25–27.)

The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
　　　　March 28, 2025

3